## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JOSE VIERA, on behalf of himself and
those similarly situated,

      Plaintiff,

vs.

      CASE NO.:

      6:14CV734-ORL-28GJK

FTS USA, LLC, a Foreign For Profit
Limited Liability Company,

      Defendant.                    /

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, JOSE VIERA, on behalf of himself and those similarly situated, by and through undersigned counsel, hereby sues the Defendant, FTS USA, LLC, for unpaid overtime compensation, liquidated damages or pre and post judgment interest, recovery of attorneys' fees and costs, and any other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## I.   NATURE OF SUIT

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of

living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

II.   PARTIES

1.    Plaintiff, JOSE VIERA, was an employee of the Defendant within the last three (3) years in Orange County, Florida, among others.

2.    Defendant, FTS USA, LLC, is a foreign limited liability company that is located in Pennsylvania but operates and conducts business in Orange County, Florida, among others, and is therefore, within the jurisdiction of this Court.

III.  JURISDICTION

3.    This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

IV.   COVERAGE

4.    At all material times relevant to this action (2011 – 2014), Defendant, FTS USA, LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

5.    At all material times relevant to this action (2011 – 2014), Defendant, FTS USA, LLC, made gross earnings of at least five hundred thousand and 0/100 dollars ($500,000.00) annually.

6.    At all material times relevant to this action (2011 – 2014), Defendant, FTS

USA, LLC, had two (2) or more employees engaged in interstate commerce, by handling, selling or otherwise working on goods that have been moved in or produced for such commerce. (i.e. cable installation supplies, computer and office equipment, office supplies and telephones, etc.).

7.   At all material times relevant to this action (2011 – 2014), Defendant, FTS USA, LLC, had two (2) or more employees engaged in interstate commerce, by ordering, loading or using supplies from out of the state. (i.e. cable installation supplies, computer and office equipment, office supplies and telephones, etc.).

8.   At all material times relevant to this action (2011 – 2014), Defendant, FTS USA, LLC, has been an enterprise involved in interstate commerce by accepting payments from customers based on credit cards and bank accounts issued by out of state financial institutions.

9.   At all material times relevant to this action (2011 – 2014), Defendant, FTS USA, LLC, has been an enterprise involved in interstate commerce by regularly using the telephone or computers in order to place and accept business calls.

10.   At all times relevant to this action (2011 – 2014), Defendant failed to comply with 29 U.S.C. §§201·209 because Plaintiff, and those similarly situated to him, performed services for Defendant for which no provisions were made by Defendant to properly pay for those hours worked in excess of forty (40) within a work week.

V.   FACTUAL ALLEGATIONS

11.   Plaintiff, JOSE VIERA, was working as an "installation technician" for the Defendant.

12.     Plaintiff worked for the Defendant from approximately October 2011 through May of 2013.

13.     Plaintiff's duties mainly included installing and repairing cable and internet services for Defendant's customers.

14.     In this capacity, Plaintiff earned an hourly rate of pay.

15.     During his employment with Defendant, Plaintiff was not paid time and one-half the regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

16.     Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

17.     Plaintiff reincorporates and readopts all allegations contained within paragraphs 1-16 above.

18.     Plaintiff was a paid an hourly rate of pay and did not receive full payment for all overtime hours worked.

19.     Specifically, Defendant would remove hours from his total hours worked each week in order to avoid paying Plaintiff for all overtime hours at the premium rate.

20.     Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) hours per work week.

21.     During his employment with Defendant, Plaintiff worked overtime hours but was not paid time and one-half compensation for the same.

22.   Defendant failed to include all compensable time in Plaintiff's weekly earnings thereby reducing Plaintiff's overall overtime compensation.

23.   Plaintiff, and those similarly situated to him, seek payment of unpaid overtime within the last three years from the filing of this complaint.

24.   Defendant's violations were willful in that they failed to keep accurate time records as required by the FLSA.

25.   Defendant's violations were willful in that they refused to post notice of applicable FLSA laws as required by the FLSA.

26.   As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff, and those similarly situated to him, time and one-half the regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week(s), Plaintiff, and those similarly situated to him, have suffered damages plus incurring reasonable attorneys' fees and costs.

27.   As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

28.   Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendant did not properly compensate him, liquidated damages or if liquidated damages are not awarded then prejudgment and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs

incurred in this action, declaratory relief, and any and all further relief that this Court

determines to be just and appropriate.

Dated this ____ day of May, 2014.

Respectfully submitted,

Carlos V. Leach, Esquire
FBN 0540021
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3341
Email: CLeach@forthepeople.com
*Attorneys for Plaintiff*