UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.: 6:14-cv-00734-CEM-GJK

JOSE VIERA,

    Plaintiff,

v.

FTS USA, LLC,

    Defendant.

_____/

### SETTLEMENT AGREEMENT

Plaintiff JOSE VIERA and purported Plaintiff JANETTE VASQUEZ (collectively "Plaintiffs") and Defendant FTS USA, LLC ("Defendant") (Plaintiffs and Defendant collectively the "Parties") hereby agree upon this Settlement Agreement (the "Agreement") as a settlement of all issues involved herein as follows:

1. **No Admission of Liability**. The Parties hereto recognize and agree that Defendant, as a part of this Agreement between the Parties, denies any wrongdoing or any violation of law or any liability to Plaintiffs or to anyone else as a result of or growing out of the matters set forth in the Complaint in case number: 6:14-cv-00734-CEM-GJK filed in the United States District Court for the Middle District of Florida or Plaintiffs' employment relationship with Defendant (hereinafter referred to as the "Action").

2. **Dismissal of Pending Actions**. For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiffs agree: (1) to dismiss *with prejudice*, or cause to be dismissed with prejudice the Action; and (2) not to re-file the cause of action or charges, or any other causes of action or charges against Defendant arising from matters that were encompassed or could have been encompassed or raised in the Action.

3. **Consideration.** Defendant agrees to pay Plaintiffs (through their counsel) the total sum of Fifteen Thousand Dollars ($15,000.00), as set forth in paragraph 6 of this Agreement and allocated below and other good and valuable consideration as described below.

4. **Not an Admission.** Plaintiffs acknowledge and agree that the making of this Agreement is not intended, and shall not be construed, as an admission from the Defendant that it violated any federal, state or local law (statutory or decisional), ordinance or regulation, breached any contract or committed any wrongdoing whatsoever against Plaintiffs or otherwise.

5. **General Release by Plaintiffs.** In consideration of the promises, and actions of Defendant set out in this Agreement, and the payment of the total sum of Fifteen Thousand Dollars ($15,000.00), and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs do hereby REMISE, RELEASE, AND FOREVER DISCHARGE, on their own behalf and on behalf of anyone who could claim by and through Plaintiffs, Defendant, Defendant's insurers, predecessors and successors in interest, assignees, parents, subsidiaries, divisions and related companies and entities, and their past, present and future members, officers, directors, supervisors, managers, employees, agents, attorneys and representatives (hereafter collectively referred to as "Releasees"). This release specifically includes, but is not limited to, all claims under the FLSA and all other federal, state and local wage/hour, wage notice and wage payment statutes, ordinances, regulations and common law theories for any type of relief, including, without limitation, minimum, overtime or other wages, unpaid costs, penalties, wage deductions, meal or other break penalties, premium pay, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief.

Plaintiffs, for and in consideration of the liquidated and non-wage payments described in Paragraph 6 below that are subject to their compliance with the terms of the Agreement, and intending to be legally bound, do hereby REMISE, RELEASE, AND FOREVER DISCHARGE

ACTIVE\52141626.v1-12/4/17

the Releasees from any claims which were raised or could have been raised in the Civil Action, as well as any other claims arising from or relating in any way to Plaintiffs' employment with Defendant; provided, however, that this Agreement does not release Plaintiffs' claims, if any, that are not waivable as a matter of law. This includes, but is not limited to any claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and the Older Worker Benefit Protection Act as well as the Florida Civil Rights Act ("FRCRA") and any other state or local law or ordinance. Plaintiffs are not waiving any rights that they may have to: (a) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (b) enforce this Agreement.

6. **Payment**. In exchange for and subject to compliance with (1) the promises and agreements made by Plaintiffs contained in this Agreement, (2) the submission to the Defendant of executed W-9 and W-4 forms for all Plaintiffs and their counsel, and (3) Plaintiffs' agreement to dismiss the Civil Action with prejudice pursuant to the procedures described in Paragraph 2 above and the Court actually dismissing the Civil Action with prejudice, if approved by the Court, Defendant will pay individual settlements to Plaintiffs totaling $10,000 and Defendant will pay Plaintiffs' counsel attorneys' fees and costs totaling $5,000, in the manner described below:

   a. Defendant agrees to pay Plaintiff Jose Viera a total of $5,000.00 ($2,500 to be considered wages, $2,000 to be considered liquidated, and $500 as a non-wage payment for consideration of the release in paragraph 2 and in consideration of the confidentiality and non-disparagement provisions set forth in the Agreement.

   b. Defendant agrees to pay Plaintiff Janette Vasquez a total of $5,000.00 ($2,500 to be considered wages, $2,000 to be considered liquidated, and

Page 3 of 9
ACTIVE\52141626.v1-12/4/17

$500 as a non-wage payment for consideration of the release in paragraph 2 and in consideration of the confidentiality and non-disparagement provisions set forth in the Agreement.

c. Defendant agrees to pay The Leach Firm, P.A. a total of $5,000.00 for which Defendant shall issue an IRS Form 1099. This payment shall represent Plaintiffs' attorneys' fees and costs.

d. Plaintiffs agree and acknowledge that payment of the sum as set forth above shall constitute effective and sufficient consideration, receipt of which Plaintiffs hereby acknowledges, for this Agreement. Further, Plaintiffs agree that the allocation or distribution of such payment between Plaintiffs and Plaintiffs' counsel, The Leach Firm, P.A., are solely matters between and within the discretion of Plaintiffs and Plaintiffs' counsel, and Defendant shall have no responsibility or liability related thereto.

e. Further, Plaintiffs represent and warrant that the above allocation is a fair, accurate and reasonable allocation among the various claims released by Plaintiffs herein.

7. **Responsibility for Taxes**. Plaintiffs' wage payment will be reported on a Form W-2, representing wages and subject to appropriate withholdings by Defendant, and Plaintiffs' payment for liquidated and non-wage payments will be reported on a Form 1099. The payment of attorneys' fees/costs to Plaintiffs' counsel will be reported on Form 1099.

Plaintiffs acknowledge that they are fully responsible for all income, withholding and other individual taxes due with respect to all other amounts reported on Form 1099. Defendant is permitted to report the payments made pursuant to this Agreement to the

Page 4 of 9

ACTIVE\52141626.v1-12/4/17

appropriate Federal and state taxing authorities as Defendant believes necessary or appropriate, including the filing of Form 1099s with the Internal Revenue Service.

Defendant specifically make no representations as to the tax implications of the payments made pursuant to this Agreement, and Plaintiffs confirm that they have consulted with appropriate tax advisors to confirm issues related to taxability.

8. **Non-Disparagement.** The Parties agree that they will not make any disparaging remarks that might have a harmful effect on the reputation or the business of the other Party, whether orally or in writing, including Defendant's related entities, members, officers, managers, supervisors, and employees, to any persons whatsoever. If Defendant is contacted by any prospective or current employer of Plaintiffs, or any other third party making any inquiry about Plaintiffs, Defendant shall confirm dates of employment and average wage only.

9. **Confidentiality.** The Plaintiffs specifically agree that the terms and the existence of this Agreement shall remain strictly confidential and shall not be disclosed to any person or entity other than each Party's attorneys and accountants, unless required by law or except to facilitate Court approval of this Agreement.

10. **Non-Solicitation:** The Plaintiffs specifically agree not to request, nor to directly or indirectly cause, any governmental agency or any other person to commence any investigation or bring any action against the Defendant, Defendant's insurers, predecessors and successors in interest, assignees, parents, subsidiaries, divisions and related companies and entities, and their past, present and future members, officers, directors, supervisors, managers, employees, agents, attorneys and representatives, and the Plaintiffs waive any remedy or recovery in any action which may be brought on the Plaintiffs' behalf by any government agency or any other person.

11. **Governing Law.** This Agreement is to be construed and governed under the laws of the State of Florida, and shall bind the Parties and their respective heirs, estates, successors,

Page 5 of 9
ACTIVE\52141626.v1-12/4/17

and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable the remaining provisions shall continue in full force and effect notwithstanding. Plaintiffs acknowledge and represent that they have not previously transferred, assigned, or conveyed any right or claim released in this Agreement.

12. **Necessary Actions For Dismissal**. Plaintiffs covenant and agree to execute all papers and do all things necessary to voluntarily dismiss the Action *with prejudice*, and any related cases or charges before the Court or any other administrative agency.

13. **Attorneys' Fees and Costs**. It is further agreed that each Party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement and incurred in this action with the exception of the fees provided in paragraph 6.

14. **Important Acknowledgments**. It is further understood and agreed that the settlement sum and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release affected thereby. Plaintiffs hereby represent and warrant that they have entered into this Agreement on their own free will and accord, and in accordance with their own judgment, and after consultation with their attorneys.

15. **Review Period.** Plaintiffs JOSE VIERA and JANETTE VASQUEZ shall have twenty-one (21) days from the date after receipt of the Agreement to decide whether to execute same, and Plaintiff may use all or part of that twenty-one (21) day period to decide whether to execute the Agreement.

    a. Upon execution of this Agreement Plaintiffs JOSE VIERA and JANETTE VASQUEZ shall have seven (7) days to revoke their execution of this Agreement. To revoke their execution of this Agreement they must provide Defendant's counsel, Dori K. Stibolt of Fox Rothschild LLP, with written notice to Defendant at the following address: 222 Lakeview Ave.,

Suite 700, West Palm Beach, Florida, 33401. The revocation must be signed and state: "I hereby revoke my acceptance of the Agreement." In order to be effective, Ms. Stibolt must receive the revocation no later than seven (7) calendar days after Plaintiffs' execution of this Agreement ("Revocation Period"). This Agreement will not be effective and enforceable until the seven-day Revocation Period has expired ("Effective Date"). If the last day of the Revocation Period is a Saturday, Sunday, or legal holiday, then the Revocation Period shall not expire until the next following day which is not a Saturday, Sunday, or legal holiday. TIME IS OF THE ESSENCE IN RELATION TO THIS PARAGRAPH.

16. **No Other Representations or Agreements**. Each Party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

17. **No Modification Except In Writing**. This Agreement cannot be modified or changed except by writing, signed by the Parties, with specific reference to this Agreement.

18. **Execution In Counterpart**. This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.

19. **Retain Jurisdiction**. The Parties hereby stipulate that the court shall retain jurisdiction to enforce the terms of the Agreement should enforcement become necessary. In the event of a breach of this Agreement or in the event any action is commenced in the Court having jurisdiction over this matter concerning enforcement of the provisions of this Agreement, the

prevailing party in any such action shall be entitled to an award of its reasonable attorney's fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

**[THE REMAINDER OF THIS PAGE LEFT INTENTIONALLY BLANK]**

**Agreed and Accepted by:**

**PLAINTIFF:**

_12-7-17_
Date

*[signature: Jose C. V.]*
JOSE VIERA

**PLAINTIFF:**

_____
Date

_____
JANETTE VASQUEZ

**DEFENDANT:**

_____
Date

_____
FTS USA, LLC

_____
Print Name of Authorized Representative

Agreed and Accepted by:

**PLAINTIFF:**

_____
Date

**PLAINTIFF:**

12/15/17'
_____
Date

**DEFENDANT:**

_____
Date

_____
JOSE VIERA

*[signature]*
_____
JANETTE VASQUEZ

_____
FTS USA, LLC

_____
Print Name of Authorized Representative

**Agreed and Accepted by:**

**PLAINTIFF:**

_____          _____
Date                                  JOSE VIERA

**PLAINTIFF:**

_____          _____
Date                                  JANETTE VASQUEZ

**DEFENDANT:**

12/12/2017                            *Patrick McDonnell* (signature)
_____          _____
Date                                  FTS USA, LLC

                                      Patrick McDonnell
                                      _____
                                      Print Name of Authorized Representative