UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOSE VIERA,**

        **Plaintiff,**

**v.**                                                              **Case No:  6:14-cv-734-Orl-41GJK**

**FTS USA, LLC,**

        **Defendant.**

**ORDER**

THIS CAUSE is before the Court on the parties' Renewed Joint Motion for Approval of Settlement ("Joint Motion," Doc. 44). United States Magistrate Judge Gregory J. Kelly submitted a Report and Recommendation (Doc. 45), in which he recommends that the Joint Motion be granted in part. After a *de novo* review of the record, and noting that the parties jointly filed a joint Notice of Non-objection to Report and Recommendations (Doc. 46), the Report and Recommendation will be adopted in part and rejected in part.

The parties' Settlement Agreement contains a confidentiality provision that forbids Plaintiff from discussing the Settlement Agreement with anyone "other than each Party's attorneys and accountants." (Doc. 44-1 ¶ 9). As Judge Kelly noted, "courts in this circuit routinely reject FLSA settlement agreements containing confidentiality provisions." *Pariente v. CLC Resorts & Devs., Inc.*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Nov. 14, 2014) (collecting cases). This is because such provisions are at odds with the purpose behind the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and are inherently unenforceable due to the fact that the underlying settlement agreement is filed on a public docket. *See id.* (noting that confidentiality clauses "thwart Congress's intent to ensure widespread compliance with the FLSA") (quotation omitted); *Housen v. Econosweep & Maint. Servs., Inc.*, No. 3:12-cv-461-J-

34TEM, 2013 WL 2455958, at *2 (M.D. Fla. June 6, 2013) (acknowledging that confidentiality provisions are "unenforceable due to the public filing of the agreements").

Nevertheless, Judge Kelly concluded that because separate consideration was provided for the confidentiality provision, the provision is fair and reasonable, and the Settlement Agreement may be approved with the confidentiality provision. This Court disagrees.

> [A] confidentiality provision furthers resolution of no bona fide dispute between the parties; rather, compelled silence unreasonably frustrates implementation of the "private—public" rights granted by the FLSA and thwarts Congress's intent to ensure widespread compliance with the statute. To further Congress's intent, the Department of Labor requires the employer of an employee covered by the FLSA to display conspicuously in the workplace a detailed notice of the employee's FLSA rights. By including a confidentiality provision, the employer thwarts the informational objective of the notice requirement by silencing the employee who has vindicated a disputed FLSA right.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010) (footnotes omitted). While this Court acknowledges that confidentiality provisions have been upheld in this circuit when separate consideration is given,[1] this Court is of the opinion that such payment "does not remedy [the] concern about the possible frustration of the notice requirement to other employees." *Glass v. Krishna Krupa, LLC*, No. 10-mc-00027-CG-B, 2010 WL 4064017, at *2 (S.D. Ala. Oct. 15, 2010). Therefore, the confidentiality provision will be stricken.

Even though the Court will strike the confidentiality provision, this does not preclude approval of the Settlement Agreement. The Settlement Agreement contains a severability provision, stating: "If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable[,] the remaining provisions shall continue in full force and effect notwithstanding." (Doc. 44-1 ¶ 11). Thus, the Court can strike the confidentiality provision without

---

[1] *See, e.g.*, *Valentine v. Physicians Grp. Servs., P.A.*, No. 3:16-cv-414-J-32PDB, 2017 WL 4174790, at *6 (M.D. Fla. Aug. 23, 2017), *report and recommendation adopted*, 2017 WL 4155451 (M.D. Fla. Sept. 19, 2017); *Smith v. Aramark Corp.*, No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *3–4 (M.D. Fla. Nov. 4, 2014).

affecting the enforceability of the remainder of the Settlement Agreement. *See Pariente*, 2014 WL 6389756, at *5–6 (invoking settlement agreement's severability clause to strike confidentiality provision). In all other respects, the Court agrees with the analysis set forth in the Report and Recommendation.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. To the extent that it is consistent with this Order, the Report and Recommendation (Doc. 45) is **ADOPTED** and **CONFIRMED** and made a part of this Order.
2. The parties' Renewed Joint Motion for Approval of Settlement (Doc. 44) is **GRANTED in part**.
3. The first sentence in paragraph nineteen of the Settlement Agreement (Doc. 44-1 ¶ 19), which provides for retention of jurisdiction, is **STRICKEN**.
4. The confidentiality provision of the Settlement Agreement (Doc. 44-1 ¶ 9) is **STRICKEN**.
5. The parties' Settlement Agreement, as amended by this Court, is **APPROVED**; and this case is **DISMISSED with prejudice**.
6. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on March 1, 2018.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record